LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

**NATALI J.H. TODD**  **26 COURT STREET**
**MEMBER: NY & MA BAR**  **SUITE 413**
**BROOKLYN, NY 11242-1134**

---

Tel:  718-797-3055
Fax: 718-504-3900
E-mail: *natali_todd@yahoo.com*
www.natalitoddlawyer.com

March 19, 2022

Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   U.S. v. Jadakis Mitchell, et al. 22 Cr. 150 (JPC)

Dear Judge Cronan:

     I represent Jadakis in the above referenced indictment.  I respectfully request the Court schedule a bail hearing after the upcoming conference on March 22nd or a date soon thereafter that is convenient for the Court.

**Procedural History**

     On March 8, 2022, Jadakis Mitchell ("Mitchell") was indicted along with four other defendants in two counts of narcotics conspiracy in violation of 21 U.S.C. §841(b)(1)(B).  Mitchell was arrested on March 14, 2022 and was presented before the Magistrate Judge on March 15, 2022.  Mitchell is currently detained.  He has not previously made any bail applications.  The government seeks detention.

**Requirements in Granting Bail Pursuant to the Bail Reform Act
and Existing Second Circuit Case Law**

A.   **The Government must demonstrate that there are "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community."**

     The Bail Reform Act of 1984, 18 U.S.C. §3141 *et seq.,* requires a defendant's release pending trial "unless the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. §3142(b); *U.S. v. Sabhanani*, 493 F.3d 63, 74-75 (2d Cir. 2007).  The Act also prohibits the court from imposing a financial condition that results in the pretrial

Law Offices Of
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Jadakis Mitchell, 22 Cr. 150 (JPC)*

detention of the defendant which is consistent with the Eighth Amendment of the United States Constitution which states that "excessive bail shall not be required." U.S. Const. Amend. VIII; 18 U.S.C. §3142(c)(2).

Certain offenses trigger a rebuttable presumption and unless the court finds after a hearing that there is no condition or combination of conditions that exist that will reasonably assure the safety of the community, then detention is permitted. In considering the defendant's eligibility for release, the court is required to consider the nature and circumstances of the offense charged, including the following pursuant to 18 U.S.C. §3142(e)(1)-(3) and (f)(1)(2):

1) a crime of violence;
2) an offense for which the maximum sentence is life imprisonment or death;
3) a drug offense for which the term of imprisonment of ten years or more is prescribed;
4) any felony if the person has been convicted of two or more offenses described above or two or more state or local offenses that would have been offenses as described above had there existed federal jurisdiction;
5) any felony that is otherwise not a crime of violence that involves a minor victim or involves the possession/use of a firearm or destructive device, or any other dangerous weapon, or involves the failure to register as a sex offender; OR
6) a serious risk that such a person will flee; OR
7) a serious risk that such person will obstruct/attempt to obstruct justice, or threaten/intimidate a prospective witness or juror.

Where the statutory presumption is triggered, due process permits the defendant to "introduce some evidence contrary to the presumed fact in order to rebut the presumption." *U.S. v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). However, the defendant only has a burden of production in response to the presumption and <u>the government at all times, has the burden of persuasion</u> in establishing by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community. *See U.S. v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

To support a finding of danger by clear and convincing evidence, proof "that the evidence supports such a conclusion with a high degree of certainty" is required. *U.S. v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). Only where there is a high probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance, necessary. *U.S. v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985). "This quite meaningful showing will only apply to a limited number of individuals." Hon. Andrew L. Carter, Jr., U.S. District Judge, in *US v. Ramon Paulino*, 18-MJ-5372 (S.D.N.Y. Aug. 16, 2018).

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Jadakis Mitchell, 22 Cr. 150 (JPC)*

The *Rodriguez Court* cautions that when the defendant proffers evidence under §3142(e), the court must weigh the statutory presumption in conjunction with the factors set forth under §3142(g), in determining whether the government has established by clear and convincing evidence that the defendant's pre-trial detention is absolutely necessary. *Rodriguez*, at 88. The court must also assess the safety of the community and in doing so, the court must consider the following pursuant to 18 U.S.C. §3142(g):

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a crime involving terrorism, or a minor victim, or a controlled substance, firearm, explosive, or destructive device;
2) the weight of the evidence against the person;
3) the history and characteristics of the person, including:
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, ties to the community, past conduct, history relating to drug or alcohol abuse, criminal history, record relating to past court appearances; and
    (B) whether, at the time of the current arrest or offense, the defendant was on probation, on parole, or on release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and;
4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(ix) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or use as collateral, or property that, because of its source, will not reasonably assure the appearance of the person as required.

### Discussion

In accordance with the above concepts and established case law, the Court can impose bail conditions which will reasonably ensure that Mitchell is neither a risk of flight nor a danger to the community.

The indictment alleges a 16-month conspiracy that began in November 2020 and ended when the defendants were indicted and arrested in March 2022. Both conspiracies charge a violation of 21 U.S.C. 841 (b)(1)(B) and if convicted, Mitchell would normally face a mandatory minimum sentence of five years. However, he is Safety Valve eligible which permits a sentence

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Jadakis Mitchell, 22 Cr. 150 (JPC)*

below the statutory mandatory minimum if he is convicted of the charged offense.

The Nature and circumstances of the Offense
   Mitchell is alleged to have made observation sales on the street and several controlled sales. The alleged substances include crack/cocaine and substances containing a detectable amount of fentanyl. There are no allegations of violence, possession of a firearm or that Mitchell was a supplier, leader, or a manger.

The Weight and Evidence Against the Person
   While it is undisputed that Mitchell is exposed to potential jail time if convicted, the mere charge is inadequate as a basis for detention, especially where there are a number of factors that militate against detention. In addition, to presume risk of flight from allegations of strong evidence of guilt alone, as the government usually assert that the evidence is strong, is not sufficient to show risk of flight, particularly where there are ties to the community. *U.S. v. Friedman*, 837 F.2d 48 (2d Cir. 1988).

The History and Characteristics of Mitchell/Family Ties
   Mitchell has lived in the Bronx most of his life and has lived in the shelter with his parents since he was a child, until recently when his father, Larry Mitchell, moved to Allentown, Pennsylvania with his younger son. Larry Mitchell was able to find an apartment in Allentown, Pennsylvania and secure solid employment at a warehouse. Mitchell did not move with his dad to Pennsylvania but stayed in the City with his girlfriend and another family friend.

   Counsel has since spoken with Mitchell's father, who is eager to have Mitchell live with him in Pennsylvania, and will assist him in finding employment upon his release. In terms of employment, Mitchell was a candidate in the Summer Youth Program for one year and also worked odd jobs in custodial and maintenance off the books. Given Mitchell's youth (he is 20 years' old), his employment history is limited. Should the Court grant Mitchell bail, his father is willing to sign a bond.

Criminal History
   Mitchell has no criminal conviction and has one open misdemeanor charge in Bronx Criminal Court for unauthorized use of a vehicle. His next court date is scheduled for April 14, 2022.

There are No Risks or Safety Concerns
   Mitchell is not charged with any acts of violence. He has no prior criminal conviction and there does not appear to be any evidence that the defendant would pose a danger to the community that would not exist were the defendant detained. If released, he would not be

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Jadakis Mitchell, 22 Cr. 150 (JPC)*

returning to the same community but to a new environment, with no friends in Pennsylvania.

Only where there is a strong probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance, appropriate. *U.S. v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985). There has been no individualized showing that Mitchell poses a heightened risk of misbehaving. The government may not rely on the fact of arrest alone or generalized law enforcement interest to establish that he is a danger.

Pre-Trial Services Recommends Bail

A representative from the Pre-trial Services interviewed Mitchell, investigated his background and personal history, and concluded that bail is appropriate for Mitchell. In assuring the safety of the community and Mitchell's return to court, Pre-trial recommends Mitchell's release, co-signed by one financially responsible person and compliance with all standard conditions of pretrial release. Mitchell does not have a passport. We request his release with an unsecured bond of $35,000; travel restricted to the EDNY, SDNY and the District of Pennsylvania, and that he resides with his father in Allentown, Pennsylvania. Mitchell intends to seek employment upon his release.

We respectfully ask that the Court adopt the recommendations of the Pre-trial services in granting Mr. Mitchell bail. The Court's consideration is appreciated.

Respectfully,
*N. Todd*
Natali Todd, Esq.

cc: AUSA Brandon D. Harper (by ECF)
    AUSA Samuel Rothschild (by ECF)