

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2022

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jadakis Mitchell*, 22 Cr. 150 (JPC)

Dear Judge Cronan:

      The Government respectfully submits this letter in opposition to defendant Jadakis Mitchell's March 19, 2022 bail application. (Dkt. 12).

### Background

      Since approximately May 2020, law enforcement officers have been investigating a drug trafficking organization (the "DTO") that operates in the vicinity of Belmont Avenue and East Tremont Avenue in the Bronx. The DTO sells cocaine, cocaine base, and what it markets as heroin (the "dope" sold by the DTO often contains fentanyl). During the course of controlled purchases by law enforcement, members of the DTO have sold approximately 53 grams of fentanyl and approximately 48 grams of cocaine base.

      The defendant has been involved with the DTO's activities since at least in or about November 2020, when law enforcement officers first began making controlled purchases from the defendant. During the course of the investigation, law enforcement engaged the defendant in at least eighteen controlled purchases, buying over 8 grams of fentanyl and over 33 grams of cocaine base from the defendant alone.

      On March 8, 2022, the defendant was charged by indictment with two counts: (i) conspiracy to distribute and possess with intent to distribute 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B); and (ii) conspiracy to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). (Dkt. 2).

      On March 14, 2022, the defendant was arrested. Law enforcement officers conducted surveillance on the defendant and other members of the DTO for approximately four and a half hours before the defendant was arrested. During that time, law enforcement officers observed the defendant engage in conduct consistent with hand-to-hand narcotics transactions dozens of times.

March 22, 2022
Page 2

When he was arrested, the defendant was in possession of nearly $1,000 in cash, approximately 115 clear plastic zips of suspected cocaine base, 31 small bags of suspected cocaine base, and 11 bags of suspected heroin, stamped with the same stamp that appeared on suspected heroin in the possession of all of the members of the DTO that were arrested that day.

On March 15, 2022, the defendant appeared for an initial appearance before the Honorable Robert W. Lehrburger, where the defendant consented to detention without prejudice to a future bail application.

On March 19, 2022, the defendant made the instant bail application.  (Dkt. 12).

**Discussion**

Under Title 18, United States Code, Section 3142(e)(3)(A), "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  Here, a Grand Jury return an indictment charging the defendant with violations of Title 21, United States Code, Sections 846 and 841(b)(1)(B), which has a maximum term of imprisonment of 40 years (Dkt. 2).  Accordingly, there is a presumption that no bail conditions will suffice.  The defendant cannot rebut that presumption here.

Title 18, United States Code, Section 3142(g) sets forth the factors that the Court should "take into account" "in determining whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  Here, all of those factors counsel for detention.

First, "the nature and circumstances of the offense charged" confirm that the defendant is a danger to the community and a risk of flight.  18 U.S.C. § 3142(g)(1).  As to danger, the conspiracy involved more than 50 grams of fentanyl and more than 40 grams of cocaine base.  The defendant and his co-conspirators distributed significant quantities of dangerous drugs, including fentanyl, which is lethal in even the smallest quantities, and which is tearing through our community.  The nature and circumstances of the offense charged demonstrate that the defendant is a risk of flight as well.  The charged offense carries a mandatory minimum term of imprisonment of five years, *see* 21 U.S.C. § 841(b)(1)(B), and a rough calculation of the defendant's Guidelines range is 60 to 63 months' imprisonment.  That gives the defendant strong incentive to flee.

Second, "the weight of the evidence against the [defendant]" also provides him significant motivation to flee.  18 U.S.C. § 3142(g)(2).  Here, the evidence against the defendant is strong.  Many of the controlled purchases from the DTO, including many of the controlled purchases from the defendant, were audio and video recorded; the New York City Police Department Laboratory confirmed that the defendant and his co-defendants were selling fentanyl and cocaine base; and, during one of the recorded controlled buys, the defendant stated that he was selling narcotics for another member of the DTO and collected narcotics for sale from another member of the DTO.

March 22, 2022
Page 3

Third, "the history and characteristics of the [defendant]" confirm that there are no "conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(g)(3). As noted above, the defendant has been engaged in narcotics sales since at least in or about November 2020, and the volume of his sales is significant. Indeed, law enforcement purchased narcotics from the defendant on approximately eighteen occasions, and law enforcement officers observed him conduct dozens of sales in the hours immediately preceding his arrest in this case. Furthermore, the defendant was recently arrested, as he concedes, for unauthorized use of a vehicle. (Dkt. 12 at 4).

Fourth, "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant]'s release." 18 U.S.C. § 3142(g)(4). That danger should be clear from what has been said above: The defendant worked with others to participate in the distribution of significant quantities of fentanyl and cocaine base.

For the foregoing reasons, no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. His bail application should be denied.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> By: _____
> Brandon D. Harper
> Samuel P. Rothschild
> Assistant United States Attorneys
> (212) 637-2209 / -2504

cc (by ECF):   Natali Todd, Esq.